NO. 07-01-0025-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 17, 2001

_____

BARRY SMITH AND BECKY SMITH, APPELLANT

V.

ED BARRETT AND BARRETT-CROFOOT INVESTMENTS, INC., APPELLEES

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI 98C-014;[1] HONORABLE DAVID WESLEY GULLEY, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellants Barry Smith and Becky Smith (the Smiths) present this appeal from a summary judgment rendered following a hearing on a no-evidence motion that they take nothing against Ed Barrett and Barrett-Crofoot Investments, Inc. (Barrett). Presenting two points of error, the Smiths contend (1) the trial court erred in holding there was not a

_____

[1]Severed into cause no. CI-00J-159.

scintilla of evidence to support a finding against Barrett on causes of action in fraud, breach of fiduciary duty, intentional infliction of emotional distress, and civil conspiracy and (2) the trial court erred in not finding that Barrett did not have a fiduciary relationship with the Smiths.  Based upon the rationale expressed herein, we affirm.

The Smiths, both former employees of Barrett, commenced operating a business known as Smith Cattle Feeders, Inc.  Smith and one of Barrett's sons were the initial shareholders of the corporation.  Initially, Barrett's son provided financing to the business; however, the corporation later secured financing from Barrett and other sources.  Barrett later offered a line of credit to Smith Cattle Feeders, Inc. conditioned that another son of Barrett's would also become a shareholder.  After Barrett's second son purchased some stock, Smith Cattle Feeders, Inc. used the Barrett line of credit, in part because the corporation sustained losses in excess of two million dollars.  When an audit of Smith Cattle Feeders, Inc. revealed a loss of 3.8 million dollars, Barrett requested additional collateral.  Smith then signed a new note and provided additional collateral.  Later, Barrett's sons, as stockholders, required that Smith resign as president and Barrett foreclosed on the note and collateral after Smith Cattle Feeders, Inc. defaulted on the renewal note.  Barrett purchased the collateral at the foreclosure sale.

By four counts, the Smiths sought to recover their alleged damages contending:

**Count One.** Fraud, Breach of Fiduciary Duty and Usurping Corporate Opportunity; and

2

**Count Two.**  Corporate Derivative Claim; and

**Count Three.**  Intentional Infliction of Emotional Distress, and

**Count Four.**  Conspiracy.

By its no-evidence motion for summary judgment, Barrett asserted:

**A.  No Evidence of Usurped Business Opportunities, Fraud, or Breach of Fiduciary Duty.**

1.  No evidence that Barrett usurped business opportunities.

2.  No evidence that Smiths have standing to sue for usurping corporate opportunities in their individual capacity.

3.  No evidence of fraudulent misrepresentation by Barrett.

4.  No evidence that Barrett owed fiduciary duty.

**B.  No Evidence Entitling Smiths to a Derivative Action Against Barrett.**

**C.  No evidence of Intentional Infliction of Emotional Distress.**

1.  No evidence showing Barrett acted intentionally or recklessly.

2.  No evidence that conduct was extreme or outrageous.

3.  No evidence actions caused emotional distress.

4.  No evidence distress suffered by Smiths was severe.

**D.  No evidence of civil conspiracy.**

Without objecting or excepting to the form or sufficiency of Barrett's no-evidence motion, the Smiths submitted only a two and one-half page response and their affidavits and depositions.  By their response, the Smiths abandoned their derivative claims, but

3

requested that the court deny the motion as to their claims of fraud, misrepresentation, and intentional infliction of emotional distress. Before we discuss the two issues, we first set forth the applicable standard of review for a no-evidence summary judgment.

## No-Evidence Summary Judgment Standard of Review

Where, as here, the summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a, Notes and Comments.

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is

4

to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id*. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

Instead of presenting a general point complaining that the trial court erred in granting summary judgment raising all possible grounds upon which they contend that summary judgment should have been denied, *see* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970), the Smiths present two points, to-wit: (1) the trial court erred in holding there was not a scintilla of evidence to support a finding against Barrett of causes of action in fraud, breach of fiduciary duty, intentional infliction of emotional distress, and civil conspiracy, and (2) the trial court erred in not finding that Barrett did not have a fiduciary relationship with the Smiths. Because the Smiths consolidate their argument, we will consider the points together.

In response, Barrett contends the Smiths' appeal presents nothing for review. In support of this contention, Barrett cites that the Smiths failed to properly assign any error because they:

(1) never presented the trial court with a written response concerning Barrett's no-evidence attack upon the issues of a breach of fiduciary duty . . . and civil conspiracy;

(2) developed no argument concerning the disposition of the conspiracy allegations;

(3) merely alluded to facts concerning his claims to recover damages for the alleged infliction of emotional distress, without citing any authority supporting his contention; and

(4) failed to provide record references supporting the allegations that they suffered damages because Barrett perpetrated a fraud and breached a fiduciary obligation.

Moreover, Rule 166a(i) of the Texas Rules of Civil Procedure provides in part:

The court *must* grant the motion unless the respondent produces summary judgment evidence raising a general issue of material fact.

(Emphasis added). Issues which the Smiths contended raised fact questions should have been expressly presented to the trial court by written answer or other response and not by mere reference to summary judgment evidence. *See* McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993); Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied); Granada Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 218 (Tex.App.--Amarillo 1997, pet. denied). To attempt to meet their burden to

6

produce evidence raising a general issue of material fact, the Smiths relied upon their depositions containing 389 pages and their affidavits. However, they did not expressly identify, designate, or call to the trial court's attention the portions of the summary judgment evidence upon which they relied to raise issues of material fact precluding summary judgment.

In addition, although Rule 38.1 (f) and (h) of the Texas Rules of Appellate Procedure requires that the fact statement and the argument in an appellant's brief must "be supported by record references," the Smiths' brief does not contain any references to the record to assist us in locating the evidence which they claim raised issues of fact precluding summary judgment. Accordingly, we are not required to search the record for the alleged evidence raising a fact question. Labrado Oil Co. v. Norton Drilling Co., 1 S.W.3d 795, 803 (Tex.App.--Amarillo 1999, no pet.); State Farm Fire and Cas. Co. v. Price, 845 S.W.2d 427, 435 (Tex.App.--Amarillo 1992, writ dism'd by agr.). We agree with Barrett's contention that the Smiths' points of error present nothing for review.

Moreover, by their fact statement, the Smiths admit that Smith Cattle Feeders, Inc. had loans outstanding to Barrett in the amount of $3,000,000 and that they put up additional collateral for an additional loan of $400,000. Although the Smiths do not contend that the notes were not in default and that Barrett wrongfully exercised rights of foreclosure, the Smiths seek to recover damages from Barrett which they contend resulted from the foreclosure. Texas cases recognize that businessmen generally trust one another

7

and their dealings are frequently characterized by cordiality; however, "mere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship . . ." Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962). The relationship between a borrower and lender is commonly a debtor/creditor relationship and is not usually a fiduciary or special relationship. Farah v. Mafrige & Kormanik, P.C. , 927 S.W.2d 663, 675 (Tex.App.--Houston [1ˢᵗ Dist.] 1996, no writ). Similar to the court in *Farah*, we also conclude that the Smiths have not demonstrated that they raised a fact issue to establish a confidential duty which would have precluded the creditor's motion for summary judgment.

Further, acts which are authorized by law cannot be made the basis of a claim for damages and the proper exercise of a legal right cannot constitute a legal wrong for which a cause of action will lie. Upchurch v. Albear, 5 S.W.3d 274, 280 (Tex.App.--Amarillo 1999, pet. denied). Because the Smiths did not expressly present to the trial court in writing any contention that Barrett's foreclosure was not authorized by the loan documentation, any such claim is not available here as a ground to reverse the summary judgment. Tex. R. Civ. P. 166a(c); *McConnell*, 858 S.W.2d at 341. The Smiths' two points of error overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

8

Justice

Do not publish.