NO. 07-07-0235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 9, 2008

_____


ROBERTA WEST, APPELLANT

V.

CLIFFORD HAMILTON, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-534,940; HON. SAM MEDINA, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, SJ.[1]

In this appeal, appellant Roberta West seeks reversal of a take-nothing summary judgment in favor of appellee Clifford Hamilton. In doing so, she presents two points of error in which she asserts: 1) the trial court erred in granting its judgment; and 2) appellee was not entitled to assert a defense of limitations to her suit. For reasons later stated, we reverse the judgment and remand the cause to the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2008).

Factual and Procedural Background

On November 17, 1999, appellant and appellee entered into a fresh and brine water lease with Panhandle Brine Sales, Inc. Parenthetically, although the parties never entered into a formal agency agreement, both parties refer to appellee as appellant's agent in connection with the agreement. Appellant asserts that in February 2006, she discovered that in negotiating the lease, appellee had engaged in certain actions that hampered her ability to sell her property. As a result, in May 2006, she sued appellee for breach of fiduciary relationship, breach of contract, fraud, negligent misrepresentation, statutory fraud, tortious interference with contract, deceptive trade practices, and intentional infliction of emotional distress.

Appellee responded to the suit by moving for summary judgment based upon the affirmative defense of limitations, asserting that prior to its execution, appellant was advised of the terms and conditions of the lease agreement and that she read it within thirty days of its execution and understood its terms. In considering this response, we note that an affirmative defense such as limitations must be included in the pleadings of the party seeking to assert it. Tex. R. Civ. P. 94; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991). Appellee had only filed a general denial and did not raise his affirmative defense of limitations in that document. However, an unpleaded affirmative defense may serve as the basis for a summary judgment if it is raised in the motion and the opposing party does not object to the failure to plead it in its summary judgment response or before the summary judgment rendition. *See Red Roof Inns, Inc. v. Murat Holdings, L.L.C.,* 223 S.W.3d 676, 688 (Tex. App.–Dallas 2007, pet. denied). Appellant

2

did not file such an objection prior to the rendition of this summary judgment and she now concedes that particular issue is properly before this court.

In his summary judgment motion, appellee contended that appellant had "no cause of action that is not time barred." In support of the motion, appellee relied upon the fresh and brine water agreement itself as well as the depositions of himself and appellant. In her response, appellant asserted more than nineteen facts that she claimed precluded summary judgment, and, in support of that proposition, submitted her affidavit, her deposition, and the deposition of appellee.

Appellant conceded that appellee could establish that she read the contract about one month after its execution and that she discovered it provided that appellee would receive 33% of the lease payments rather than the 15% upon which they had agreed. Even so, she contended, appellee could not overcome the overwhelming evidence that she did not understand that appellee's commission was to be paid forever, even after her death, or that she understood that her rights to sell her property or to renegotiate were limited because of appellee's actions.

### Discussion

Our review of a summary judgment is *de novo* to determine whether the movant established the absence of a genuine issue as to any material fact and its entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c). *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995)*; Dickey v. Club Corp. of America*, 12 S.W.3d 172, 175 (Tex. App.–Dallas 2000, pet. denied). In conducting that review, we take all evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49

3

(Tex. 1985). In instances in which the movant is a defendant, it must negate at least one essential element of the plaintiff's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each element of an affirmative defense and leaves no issue of material fact is entitled to summary judgment. *Id.; Morrone v. Prestonwood Christian Academy,* 215 S.W.3d 575, 578 (Tex. App.–Eastland 2007, pet. denied); *AMS Constr. Co., Inc. v. Warm Springs Rehab. Foundation, Inc.*, 94 S.W.3d 152, 159 (Tex. App.–Corpus Christi 2002, no pet.).

Because limitations is an affirmative defense, the defendant bears the initial burden to plead, prove, and secure findings on limitations. Tex. R. Civ. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Thus, when a defendant asserts a limitations defense in a motion for summary judgment, he must: 1) prove when the cause of action accrued; and 2) negate the discovery rule if it was pleaded or otherwise raised by the plaintiff. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see also Dolenz v. Boundy*, 197 S.W.3d 416, 419-20 (Tex. App.–Dallas 2006, pet. denied) (a defendant moving for summary judgment on the affirmative defense of limitations must conclusively negate any relevant tolling provision asserted by the non-movant). A cause of action accrues when the plaintiff knows or reasonably should know that he has been legally injured by the alleged wrong, however slightly. The fact that a plaintiff's actual damages may not be fully known until much later does not affect the determination of the accrual date. *Murphy v. Campbell*, 964 S.W.2d 265, 273 (Tex. 1997). The discovery rule is the legal principle which, when applicable, provides that limitations

4

run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988).

In this case, appellee contends that he conclusively established through deposition testimony that by December 17, 1999, appellant read and understood the terms of the contract at issue. He never specifically states the accrual date, apparently believing that we may infer from his pleading that the cause of action accrued as of that date. Moreover, appellee failed to specifically identify the portions of the evidence he wanted the court to consider regarding that point.

When presenting summary judgment proof, a party must specifically identify the supporting proof on file that he seeks to have considered by the trial court and he must attach entire documents to the summary judgment motion or response. General references to the documents do not relieve the party of pointing out to the trial court specifically where the issues set forth in the motion or response are raised. *See Gonzales v. Shing Wai Brass & Metal Wares Factory*, *Ltd.*, 190 S.W.3d 742, 746 (Tex. App.–San Antonio 2005, no pet.).

Where, as here, an entire document is attached to a motion, and the motion only makes a general reference to it, that general reference does not satisfy the specificity requirement. *See Upchurch v. San Jose*, 5 S.W.3d 274, 284-85 (Tex. App.–Amarillo 1999, pet. denied) (3000 unindexed pages attached to a motion that only generally referenced the record and failed to specifically direct the court or parties to the evidence upon which the movant relied was not properly before the court). It is true that the documents to which appellee refers in the motion are not as voluminous as those before the *Upchurch* court.

5

However, that does not negate the rule that a summary judgment movant must still provide nonmovants with "fair notice" of his contentions and must refer the court and the parties to the evidence upon which the movant relies. *Id*. This is so because in pursuance of its duty to determine if there are any material fact questions, the trial court cannot do so without being made aware of the specific evidence upon which the movant is relying to entitle him to judgment as a matter of law. Thus, appellee failed to carry his summary judgment burden to prove the date upon which the causes of action accrued; he did not set forth the applicable period of limitations to each of appellant's causes of action; and he failed to show as a matter of law why appellant's claims are time barred. Moreover, he failed to specifically direct the court and the parties to the evidence on which he relied to prove the accrual date.

With regard to appellee's burden regarding the discovery rule, he again failed to specifically reference the evidence upon which he relied to meet his summary judgment burden in that regard. *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d at 746; *Upchurch v. San Jose,* 5 S.W.3d at 284-85*.* Further, despite the fact that appellant's original petition and response to appellee's motion for summary judgment raised the discovery rule and implicated the tolling of the limitations period by virtue of fraudulent concealment,[2] appellee neither negated or even mentioned the discovery rule, nor did he address any tolling of limitations, or alternatively, explain why each was not applicable to

---

[2]A defendant is estopped from relying on limitations as an affirmative defense when the defendant is under a duty to make a disclosure but fraudulently conceals the existence of the cause of action from the party to whom it belongs. *Wright v. Greenburg*, 2 S.W.3d 666, 675 (Tex. App.–Houston [14th Dist.] 1999, pet. denied). The estoppel effect ends when the party learns of facts or circumstances that would lead a reasonably prudent person to inquire and thereby discover the concealed cause of action. *Id.*

the case at bar. In instances in which a summary judgment movant fails to address the discovery rule which has been raised in a response to the summary judgment motion and does not attempt to establish when the non-movant knew or should have known of the facts giving rise to her claims, the movant has failed to prove as a matter of law that no genuine issue of material fact exists on that question. *Proctor v. White*, 172 S.W.3d 649, 652 (Tex. App.–Eastland 2005, no pet.).

Here, appellee only averred that within thirty days after the execution of the lease, appellant had read and understood the terms of the contract, that every cause of action asserted by appellant was subject to the limitations defense, and that she had no cause of action that was not time barred. Those conclusory statements do not address or negate the discovery rule and are not sufficient to establish appellant's entitlement as a matter of law on the affirmative defense of limitations.

Thus, we must, and do hereby, sustain appellant's first issue. Because that sustention requires a remand to the trial court, it obviates the necessity for discussion of appellant's second point of error. Tex. R. App. P. 47.1.

We reverse the judgment of the trial court and remand this matter to the trial court for further proceedings.


John T. Boyd
Senior Justice


7