Bernard J. DOLENZ, Appellant,

v.

John Ernest BOUNDY; Mildred Avery; Michael Scates; Alicia G. Curran; Burt Barr & Associates, L.L.P.; William M. Copeland; Phyllis Brown; and Copeland & Brown Co., Appellees.

No. 05–05–00988–CV.

Court of Appeals of Texas, Dallas.

July 10, 2006.

Rehearing Overruled Aug. 7, 2006.

Bernard J. Dolenz, Dallas, pro se.

John Ernest Boundy, Law Office of John Ernest Boundy, Dallas, pro se.

Alicia G. Curran, Cozen O'Connor, Gary C. Crapster, Christine D. Roseveare, Strasburger & Price, L.L.P., Dallas, W.B. Markovits, Cincinnati, OH, for appellees.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Bernard J. Dolenz complains in two issues that the trial court erred (1) by granting summary judgment in favor of appellees because, among other reasons, appellees did not conclusively prove their affirmative defense of limitations; and (2) by granting sanctions against him because Boundy did not prove Dolenz's lawsuit was brought in bad faith. We affirm the trial court's judgment.

### BACKGROUND

An attorney named John Ernest Boundy represented Mildred Avery in the mid–1990s in a personal injury case. He discovered evidence of what he believed to be fraudulent medical billing by Dolenz, Avery's doctor. In 1996, Boundy filed a qui tam[1] lawsuit, on behalf of himself and the United States of America, against Dolenz under the federal False Claims Act (FCA) for fraudulent medical billing practices. *United States ex. rel. John Ernest Boundy v. Bernard J. Dolenz, M.D.,* No. 3:96–CV–0301–G (N.D. Tex. 1996). The lawsuit was filed under seal pending a

criminal investigation by the United States Postal Service and the United States Attorney. That investigation resulted in the indictment of Dolenz for 15 counts of mail fraud and three counts of violation of the FCA, all related to Dolenz's fraudulent medical billings. A jury convicted Dolenz of 12 counts of mail fraud in August 1998. The jury deadlocked and a mistrial was declared on three counts of mail fraud and the three counts alleged under the FCA. Dolenz was sentenced to 90 months in prison and ordered to pay over $1,680,000 in restitution to 45 victims. *United States v. Dolenz,* No. 3:98–CR–107–H (N.D.Tex. 1998), *aff'd,* 229 F.3d 1147 (5th Cir.2000) (table), *cert. denied,* 531 U.S. 1202, 121 S.Ct. 1213, 149 L.Ed.2d 126 (2001). The government ultimately dismissed the FCA and mail fraud counts upon which the jury had deadlocked, and Dolenz was not further prosecuted on those counts.

In August 1999, a year after Dolenz was convicted, Dolenz was served with process in the *qui tam* lawsuit. In December 2000, while in prison, he filed a counterclaim in which he sought damages against Boundy and Michael Scates, Boundy's co-counsel; William M. Copeland, Phyllis E. Brown, and Copeland & Brown Co., L.P.A., Boundy's attorneys in the *qui tam* lawsuit (all of whom are appellees in this lawsuit). He claimed they filed a frivolous lawsuit under the FCA and claimed abuse of process and tortious interference with contractual and business relationships. In March 2002, Dolenz moved to amend his counterclaim to add claims for defamation, conspiracy, and intentional infliction of emotional distress. He also sought to join

---

1. *Qui tam* is the abbreviation of the Latin phrase "qui tam pro domino rege quam pro se ipso in hac parte sequitur," which means "Who sues on behalf of the King as well as for himself." BLACK'S LAW DICTIONARY at 1251 (6th ed. 1990). "It is an action brought by an informer, under a statute which establishes a penalty for the commission or omission of a certain act, and provides that the same shall be recoverable in a civil action, part of the penalty to go to any person who will bring such action and the remainder to the state or some other institution." *Id.*

as parties Avery; Alicia Curran, who replaced Scates as Boundy's co-counsel in 2000; and her law firm Burt Barr & Associates (also appellees in this lawsuit). In May of that year, the district court denied Dolenz leave to amend his counterclaim and to join parties. The court also granted Boundy's motion for summary judgment dismissing Dolenz's counterclaims on the grounds that the *qui tam* lawsuit was not frivolous and that Boundy did not abuse process. Later that same year, the district court also granted Boundy's motion for summary judgment dismissing Dolenz's counterclaim for tortious interference. On Boundy's motion, the federal court dismissed the *qui tam* lawsuit against Dolenz in December 2002.

In January 2005, while he was in prison, Dolenz filed this lawsuit against Boundy, Avery, and Scates (the Boundy appellees); Copeland, Brown, and Copeland & Brown Co. (the Copeland Brown appellees); and Alicia G. Curran and Burt Barr & Associates, L.L.P., (the Burt Barr appellees); and others, seeking damages for filing a frivolous lawsuit, abuse of process, interference with contractual and business relationships, defamation, conspiracy, and intentional infliction of emotional distress, all arising from the filing of the *qui tam* lawsuit and the dismissal of the FCA counts in the indictment.

Appellees filed motions for summary judgment arguing Dolenz's claims were barred by the applicable statutes of limitations, res judicata, and collateral estoppel. The Copeland Brown appellees and the Burt Barr appellees also filed no-evidence motions for summary judgment arguing there was no evidence of at least one element of each of Dolenz's claims and they had a privilege from being sued because they were merely serving as legal counsel to Dolenz's adversary in the *qui tam* lawsuit. The trial court granted appellees' motions on all grounds.

SUMMARY JUDGMENT

*Standard of Review and Applicable Law*

We review a grant of summary judgment de novo. *Thomann v. Lakes Regional MHMR Center,* 162 S.W.3d 788, 794–95 (Tex.App.-Dallas 2005, no pet.). The standard of review in traditional summary judgment cases is well established. The issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166(a)(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Nixon,* 690 S.W.2d at 548–49. Evidence favoring the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995). A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish that defense. *See Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975). It must also conclusively negate any relevant tolling provision asserted by the non-movant. *Jennings,* 917 S.W.2d at 793. Summary judgment will be affirmed only if the record establishes that the mov-

ant conclusively proved all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

### Discussion

*Accrual of Claims*

■ Appellees contended below that all of Dolenz's claims were barred by statutes of limitations. In response, Dolenz appeared to argue that his claims did not accrue until the United States Supreme Court denied certiorari in his criminal case in October 2004. But Dolenz's complaint here is for damages for prosecution of the *qui tam* lawsuit, not the prosecution of the criminal charges. In fact, Dolenz argued Boundy and his attorneys prosecuted the *qui tam* lawsuit, which sought damages for violations of the FCA, despite their knowledge that the FCA counts had been dismissed in the criminal case and he had not been found guilty of a violation of the FCA. Accordingly, the date on which the Supreme Court denied certiorari on the appeal of his convictions is not the accrual date of his claims in this lawsuit relating to the prosecution of the *qui tam* lawsuit.

Additionally, the evidence showed that Dolenz asserted three of the same claims he asserts in this lawsuit (filing a frivolous lawsuit, abuse of process, and tortious interference) in 2000 as counterclaims in the *qui tam* lawsuit. The evidence also showed that Dolenz tried to assert the other three claims (defamation, conspiracy, and intentional infliction of emotional distress) in March 2002 as counterclaims in the *qui tam* lawsuit. As a result, and based on appellant's demonstrated awareness of the existence of the claims, appellees' summary judgment evidence conclusively showed that these claims had accrued by March 2002. Dolenz does not dispute that his claims are governed by one- and two-year statutes of limitations, making his claims

time-barred when he filed this lawsuit in January 2005.

*Tolling*

■ Dolenz argues the statutes were tolled for three reasons: (1) while he was in prison; (2) because he had a legal disability; and (3) because he was out of the state. He argues that appellees did not negate the tolling provisions he contends kept his claims alive. We agree that appellees did not negate or even respond to his tolling arguments. However, a defendant is required to negate only relevant tolling provisions that raise a fact issue about suspending limitations. *See Diaz v. Westphal,* 941 S.W.2d 96, 98 (Tex.1997); *Jennings,* 917 S.W.2d at 793; *Palla v. McDonald,* 877 S.W.2d 472, 474 (Tex.App.-Houston [1st Dist.] 1994, no writ) (if nonmovant raises fact issues suspending limitations, movant must conclusively negate these fact issues to be entitled to summary judgment).

Dolenz did not raise a fact issue about tolling because his tolling arguments are without merit. First, the statutes of limitations were not tolled because Dolenz was in prison. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.001 (Vernon 2002). Imprisonment was deleted from the definition of legal disability in 1987. *See* Act of June 19, 1987, 70th Leg., R.S., ch. 1049, § 56, 1987 Tex. Gen. Laws 3517, 3539. Second, the limitations periods were not tolled because Dolenz had physical disabilities (diabetes, back pain, and others). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(a) (defining legal disability as a person younger than 18 or of unsound mind); *see Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 755–56 (Tex.1993) (describing legal disability based on unsound mind, none of which included physical impairment). The third provision that Dolenz argued tolled limitations was section 16.063 of the civil practice and remedies code, which provides that "[t]he absence from this state of a

person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1997). This tolling statute does not apply to Dolenz because he is the one maintaining the action, not the one against whom the action may be maintained. *See id.; Cates v. Greene,* 114 S.W.2d 592, 595 (Tex. Civ.App.-Austin 1938, no writ) (tolling provision for absence from state applies to defendant, not plaintiff).

In summary, the evidence showed that all of Dolenz's claims had accrued by March 2002. But even if they did not accrue until the federal court dismissed Boundy's *qui tam* lawsuit in December 2002, all of the applicable statutes of limitations had run by January 2005 when Dolenz filed this lawsuit. And Dolenz's tolling claims were without merit. As a result, we conclude the trial court properly granted appellees' motions for summary judgment on limitations grounds. Because this ground disposes of all of Dolenz's claims, we do not reach the remaining arguments.

We overrule Dolenz's first issue.

### MOTION FOR SANCTIONS

Dolenz also challenges the trial court's order granting Boundy's motion for sanctions for $250 in copy costs. The trial court granted Boundy's motion on grounds the lawsuit was filed in bad faith and solely for the purpose of delay or harassment and because Dolenz, as an attorney, was aware of the applicable statutes of limitations. On appeal, Dolenz argues the trial court erred by finding the lawsuit was filed in bad faith. Boundy did not respond to this issue.

### *Standard of Review and Applicable Law*

■ A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex.2004). A trial court abuses its discretion in imposing sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Law Offices of Windle Turley, P.C. v. French,* 164 S.W.3d 487, 490 (Tex.App.-Dallas 2005, no pet.); *Monroe v. Grider,* 884 S.W.2d 811, 816 (Tex.App.-Dallas 1994, writ denied). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Cire,* 134 S.W.3d at 838–39 (citation omitted). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Id.* at 839.

### *Discussion*

■ Boundy sought sanctions under section 10.001 of the civil practice and remedies code and rule 13 of the rules of civil procedure, arguing Dolenz's suit was groundless and filed in bad faith and for purpose of harassment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10.001 (Vernon 2002) (signing pleading constitutes certificate by signatory that pleading not presented for improper purpose); TEX.R. CIV. P. 13 (signing pleading constitutes certificate by signatory that pleading not groundless or brought in bad faith or for purpose of harassment). Boundy argued Dolenz should have known his claims were barred by statutes of limitations because Dolenz was a licensed attorney.

The trial court conducted a hearing on the motion for sanctions in which Dolenz agreed his claims were subject to one- and two-year statutes of limitations. But he argued that tolling provisions applied to show that he did not file the lawsuit in bad faith. The trial court rejected Dolenz's tolling arguments because they either were not valid under existing law or did

not apply to him. Additionally, the trial court noted that Dolenz, although *pro se*, had written "lots of material" in the lawsuit that showed "no lack of any mental ability" precluding him from timely filing his claims. In its order, one of the bases for granting sanctions was that Dolenz had a law degree and was aware of the applicable statutes of limitations. We conclude the trial court did not abuse its discretion by awarding sanctions against Dolenz in the amount of $250.

We overrule Dolenz's second issue.

CONCLUSION

We conclude the trial court properly granted appellees' motions for summary judgment on limitations grounds. We further conclude the trial court did not abuse its discretion by granting Boundy's motion for sanctions. We affirm the trial court's judgment.