NO. 07-07-0235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 9, 2008

______________________________


ROBERTA WEST, APPELLANT


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â V.
Â 

CLIFFORD HAMILTON, APPELLEE

_________________________________

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-534,940; HON. SAM MEDINA, PRESIDING

_______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, SJ.



Â Â Â Â Â Â Â Â Â Â In this appeal, appellant Roberta West seeks reversal of a take-nothing summary
judgment in favor of appellee Clifford Hamilton. In doing so, she presents two points of
error in which she asserts: 1) the trial court erred in granting its judgment; and 2) appellee
was not entitled to assert a defense of limitations to her suit. For reasons later stated, we
reverse the judgment and remand the cause to the trial court.
Factual and Procedural Background
Â Â Â Â Â Â Â Â Â Â On November 17, 1999, appellant and appellee entered into a fresh and brine water
lease with Panhandle Brine Sales, Inc. Parenthetically, although the parties never entered
into a formal agency agreement, both parties refer to appellee as appellantâs agent in
connection with the agreement. Appellant asserts that in February 2006, she discovered
that in negotiating the lease, appellee had engaged in certain actions that hampered her
ability to sell her property. As a result, in May 2006, she sued appellee for breach of
fiduciary relationship, breach of contract, fraud, negligent misrepresentation, statutory
fraud, tortious interference with contract, deceptive trade practices, and intentional infliction
of emotional distress.
Â Â Â Â Â Â Â Â Â Â Appellee responded to the suit by moving for summary judgment based upon the
affirmative defense of limitations, asserting that prior to its execution, appellant was
advised of the terms and conditions of the lease agreement and that she read it within
thirty days of its execution and understood its terms. In considering this response, we note
that an affirmative defense such as limitations must be included in the pleadings of the
party seeking to assert it. Tex. R. Civ. P. 94; Roark v. Stallworth Oil & Gas, Inc., 813
S.W.2d 492, 495 (Tex. 1991). Appellee had only filed a general denial and did not raise
his affirmative defense of limitations in that document. However, an unpleaded affirmative
defense may serve as the basis for a summary judgment if it is raised in the motion and
the opposing party does not object to the failure to plead it in its summary judgment
response or before the summary judgment rendition. See Red Roof Inns, Inc. v. Murat
Holdings, L.L.C., 223 S.W.3d 676, 688 (Tex. App.âDallas 2007, pet. denied). Appellant
did not file such an objection prior to the rendition of this summary judgment and she now
concedes that particular issue is properly before this court.
Â Â Â Â Â Â Â Â Â Â In his summary judgment motion, appellee contended that appellant had âno cause
of action that is not time barred.â In support of the motion, appellee relied upon the fresh
and brine water agreement itself as well as the depositions of himself and appellant. In
her response, appellant asserted more than nineteen facts that she claimed precluded
summary judgment, and, in support of that proposition, submitted her affidavit, her
deposition, and the deposition of appellee.
Â Â Â Â Â Â Â Â Â Â Appellant conceded that appellee could establish that she read the contract about
one month after its execution and that she discovered it provided that appellee would
receive 33% of the lease payments rather than the 15% upon which they had agreed. 
Even so, she contended, appellee could not overcome the overwhelming evidence that she
did not understand that appelleeâs commission was to be paid forever, even after her
death, or that she understood that her rights to sell her property or to renegotiate were
limited because of appelleeâs actions.
Discussion
Â Â Â Â Â Â Â Â Â Â Our review of a summary judgment is de novo to determine whether the movant
established the absence of a genuine issue as to any material fact and its entitlement to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995); Dickey v. Club Corp. of America, 12 S.W.3d 172, 175 (Tex. App.âDallas
2000, pet. denied). In conducting that review, we take all evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubt in the
non-movantâs favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). In instances in which the movant is a defendant, it must negate at least one
essential element of the plaintiffâs cause of action. Randallâs Food Markets, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively
establishes each element of an affirmative defense and leaves no issue of material fact is
entitled to summary judgment. Id.; Morrone v. Prestonwood Christian Academy, 215
S.W.3d 575, 578 (Tex. App.âEastland 2007, pet. denied); AMS Constr. Co., Inc. v. Warm
Springs Rehab. Foundation, Inc., 94 S.W.3d 152, 159 (Tex. App.âCorpus Christi 2002, no
pet.).
Â Â Â Â Â Â Â Â Â Â Because limitations is an affirmative defense, the defendant bears the initial burden
to plead, prove, and secure findings on limitations. Tex. R. Civ. P. 94; Woods v. William
M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988). Thus, when a defendant asserts a
limitations defense in a motion for summary judgment, he must: 1) prove when the cause
of action accrued; and 2) negate the discovery rule if it was pleaded or otherwise raised
by the plaintiff. KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1999); see also Dolenz v. Boundy, 197 S.W.3d 416, 419-20 (Tex. App.âDallas
2006, pet. denied) (a defendant moving for summary judgment on the affirmative defense
of limitations must conclusively negate any relevant tolling provision asserted by the non-movant). A cause of action accrues when the plaintiff knows or reasonably should know
that he has been legally injured by the alleged wrong, however slightly. The fact that a
plaintiffâs actual damages may not be fully known until much later does not affect the
determination of the accrual date. Murphy v. Campbell, 964 S.W.2d 265, 273 (Tex. 1997). 
The discovery rule is the legal principle which, when applicable, provides that limitations
run from the date the plaintiff discovers or should have discovered, in the exercise of
reasonable care and diligence, the nature of the injury. Willis v. Maverick, 760 S.W.2d
642, 644 (Tex. 1988).
Â Â Â Â Â Â Â Â Â Â In this case, appellee contends that he conclusively established through deposition
testimony that by December 17, 1999, appellant read and understood the terms of the
contract at issue. He never specifically states the accrual date, apparently believing that
we may infer from his pleading that the cause of action accrued as of that date. Moreover,
appellee failed to specifically identify the portions of the evidence he wanted the court to
consider regarding that point. 
Â Â Â Â Â Â Â Â Â Â When presenting summary judgment proof, a party must specifically identify the
supporting proof on file that he seeks to have considered by the trial court and he must
attach entire documents to the summary judgment motion or response. General
references to the documents do not relieve the party of pointing out to the trial court
specifically where the issues set forth in the motion or response are raised. See Gonzales
v. Shing Wai Brass & Metal Wares Factory, Ltd., 190 S.W.3d 742, 746 (Tex. App.âSan
Antonio 2005, no pet.). 
Â Â Â Â Â Â Â Â Â Â Where, as here, an entire document is attached to a motion, and the motion only 
makes a general reference to it, that general reference does not satisfy the specificity
requirement. See Upchurch v. San Jose, 5 S.W.3d 274, 284-85 (Tex. App.âAmarillo 1999,
pet. denied) (3000 unindexed pages attached to a motion that only generally referenced
the record and failed to specifically direct the court or parties to the evidence upon which
the movant relied was not properly before the court). It is true that the documents to which
appellee refers in the motion are not as voluminous as those before the Upchurch court.
However, that does not negate the rule that a summary judgment movant must still provide
nonmovants with âfair noticeâ of his contentions and must refer the court and the parties
to the evidence upon which the movant relies. Id. This is so because in pursuance of its
duty to determine if there are any material fact questions, the trial court cannot do so
without being made aware of the specific evidence upon which the movant is relying to
entitle him to judgment as a matter of law. Thus, appellee failed to carry his summary
judgment burden to prove the date upon which the causes of action accrued; he did not
set forth the applicable period of limitations to each of appellantâs causes of action; and he
failed to show as a matter of law why appellantâs claims are time barred. Moreover, he
failed to specifically direct the court and the parties to the evidence on which he relied to
prove the accrual date.
Â Â Â Â Â Â Â Â Â Â With regard to appelleeâs burden regarding the discovery rule, he again failed to
specifically reference the evidence upon which he relied to meet his summary judgment
burden in that regard. Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd., 190
S.W.3d at 746; Upchurch v. San Jose, 5 S.W.3d at 284-85. Further, despite the fact that
appellantâs original petition and response to appelleeâs motion for summary judgment raised
the discovery rule and implicated the tolling of the limitations period by virtue of fraudulent 
concealment,


 appellee neither negated or even mentioned the discovery rule, nor did he
address any tolling of limitations, or alternatively, explain why each was not applicable to
the case at bar. In instances in which a summary judgment movant fails to address the
discovery rule which has been raised in a response to the summary judgment motion and
does not attempt to establish when the non-movant knew or should have known of the facts
giving rise to her claims, the movant has failed to prove as a matter of law that no genuine
issue of material fact exists on that question. Proctor v. White, 172 S.W.3d 649, 652 (Tex.
App.âEastland 2005, no pet.).
Â Â Â Â Â Â Â Â Â Â Here, appellee only averred that within thirty days after the execution of the lease,
appellant had read and understood the terms of the contract, that every cause of action
asserted by appellant was subject to the limitations defense, and that she had no cause of
action that was not time barred. Those conclusory statements do not address or negate the
discovery rule and are not sufficient to establish appellantâs entitlement as a matter of law
on the affirmative defense of limitations. 
Â Â Â Â Â Â Â Â Â Â Thus, we must, and do hereby, sustain appellantâs first issue. Because that
sustention requires a remand to the trial court, it obviates the necessity for discussion of
appellantâs second point of error. Tex. R. App. P. 47.1.
Â Â Â Â Â Â Â Â Â Â We reverse the judgment of the trial court and remand this matter to the trial court
for further proceedings.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â John T. Boyd
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Senior Justice



ormat:yes;
 mso-style-link:"Heading 1 Char";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:1;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-font-kerning:0pt;
 mso-bidi-language:EN-US;}
h2
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 2 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:2;
 font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h3
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 3 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:3;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h4
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 4 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:4;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-style:italic;}
h5
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 5 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:5;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;}
h6
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 6 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:6;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;
 font-style:italic;}
p.MsoHeading7, li.MsoHeading7, div.MsoHeading7
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 7 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0301.cr%20concurring%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0301.cr%20concurring%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0301.cr%20concurring%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0301.cr%20concurring%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-09-0301.cr%20concurring%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NOS. 07-09-00301-CR, 07-09-0302-CR, 07-09-0303-CR,

07-09-0304-CR,
07-09-0305-CR, 07-09-0306-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



AUGUST
20, 2010

Â 



Â 

VIENGKHONE SIKALASINH, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

Â 

NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;

Â 

HONORABLE HAL MINER, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

CONCURRING OPINION

Â 

The Court reaches the correct result
in this case, and I concur in the CourtÂs judgment.Â  I concur also in the CourtÂs discussion of
appellantÂs issues one and two, regarding attorneyÂs fees.Â  With regard to appellantÂs issue three
regarding witness fees, the Court correctly points out that, even before its
1999 repeal, subsection (a) of article 102.002(a) of the Code of Criminal
Procedure expressly excluded witness expenses paid under article 35.27 from its
provisions.Â  See Act of May 17, 1985, 69th Leg., R.S., ch.
269, Â§ 1, 1985 Tex. Gen. Laws 1300, 1302, repealed
by Act of May 22, 1999, 76th Leg. R.S., ch. 580,
Â§ 11, 1999 Tex. Gen. Laws 3121, 3123.Â Â 
The Court thus correctly concludes that repeal of subsection (a) of
article 102.002 cannot have the effect of authorizing the assessment against
appellant of the cost of witness fees paid under article 35.27.Â  

It seems to me, however, that there
is a more fundamental problem with the StateÂs position that article 102.002
provides a statutory basis for imposition of non-resident witness expenses on
appellant.Â  In pertinent part, subsection
(c) of article 102.002, on which the State relies, states Âa defendant is
liable on conviction for the fees provided by this article for witnesses . . .
.ÂÂ  Tex. Code Crim. Proc.
Ann. art. 102.002(c) (Vernon 2006).Â  The CourtÂs opinion quotes the repealed
subsection (a) of article 102.002.Â  That
now-repealed subsection provided per diem and mileage reimbursement for
witnesses.Â  See Act of May 17, 1985, 69th Leg., R.S., ch.
269, Â§ 1, 1985 Tex. Gen. Laws 1300, 1302, repealed
by Act of May 22, 1999, 76th Leg. R.S., ch. 580,
Â§ 11, 1999 Tex. Gen. Laws 3121, 3123.Â 
Since the repeal of its subsection (a), however, article 102.002 does
not provide fees for witnesses.Â  Under
the current provisions of article 102.002, as I read them, there are no Âfees
provided by this articleÂ for which a convicted defendant may be liable.Â  For that reason, I concur in the CourtÂs
judgment.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Quinn, C.J.,
joins in this concurring opinion.

Â 

Publish.Â